WHATLEY, Judge.
The Father requests that this court dissolve any and all trial court orders keeping him out of his home and away from the Mother. However, the only order before this court for review is that entered on January 15, 2002. The other orders mentioned by the Father in his argument were entered after the notice of appeal was filed, and therefore, they are not properly before this court for review.
In the January 15, 2002, order, the trial court dismissed the temporary domestic violence injunction because the Mother had not “presented credible evidence that she has been the victim of domestic violence and that she has reasonable cause to believe that she is in imminent danger from domestic violence.” In other words, the trial court found that neither of the statutory prerequisites for the issuance of a domestic violence injunction was established by the Mother. § 741.30(1), Fla. Stat. (2001).
Notwithstanding this finding, the court directed the Father to continue to have no contact with the Mother and the children and awarded the Mother exclusive use and occupancy of the residence. Although these directives are allowed if an injunction is entered, § 741.30(6)(a), the trial court dismissed the injunction in this case. The trial court’s sua sponte consolidation of the Mother’s petition for an injunction with the Mother’s subsequently filed paternity action did not confer authority on the court to enter these directives against the Father.
Accordingly, we quash that part of the January 15, 2002, order enjoining the Father from contact with the Mother and the children and awarding the Mother exclusive use and occupancy of the residence.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.