PER CURIAM.
Helen Greene Coleman petitions for a writ of prohibition. We conclude that the petition is well taken and grant it.
The husband, Nathan Coleman, filed a petition for a domestic violence injunction against his wife, Helen Greene Coleman, under section 741.30, Florida Statutes (2004). The wife responded by filing a petition for domestic violence injunction against the husband. The husband also filed a petition for dissolution of marriage.
The trial court conducted an evidentiary hearing on both petitions for injunction and denied them. The court went on to enter an order in the husband’s injunction case which granted exclusive use and possession of the marital residence to the husband.
The wife has petitioned for a writ of prohibition, contending that once the trial court denied the husband’s petition for injunction, the trial court was without jurisdiction to enter an order for exclusive use and occupancy in the husband’s injunction case. We agree.
Where the requirements for the issuance of a domestic violence injunction have been satisfied, the court has the power (among other things) to award to the petitioner the exclusive use and possession of the parties’ dwelling or excluding the respondent from that residence. See §§ 741.30(5)(a)2„ 741.30(6)(a)2., Fla. Stat. *1268 (2004). Here, however, the trial court found that the requirements for issuance of a domestic violence injunction were not satisfied and denied the petitions. That being so, the trial court was without jurisdiction to issue an order for exclusive use and occupancy of the parties’ dwelling under section 741.30, Florida Statutes. See Taylor v. Taylor, 831 So.2d 240 (Fla. 2d DCA2002).
We grant the petition for writ of prohibition. This ruling is without prejudice to either party to seek an appropriate order for exclusive use and occupancy in the pending dissolution of marriage case.
Petition granted.